**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| RICHARD BRIDGEWATER, individually and on behalf of all similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> AMERICOLD LOGISTICS, LLC, a Delaware limited liability company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 1:21-cv-01348 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446, and 1453, Defendant Americold Logistics, LLC ("Americold") hereby removes the above-captioned action, *Bridgewater v. Americold Logistics, LLC*, Case No. CC 22-LL-0020, from the Knox County Circuit Court, Ninth Judicial District Court of the State of Illinois to this Court. Americold hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

1.  This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where, based on the allegations of the Complaint, the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this

2

case meets all of CAFA's requirements for original jurisdiction and removal and is timely and properly removed by the filing of this Notice.

## VENUE

2. The State Court Action was filed in Knox County, Illinois. Therefore, venue properly lies in the United States District Court for the Central District of Illinois, Rock Island Division. *See* 28 U.S.C. § 93(b), 1391.

## PLEADINGS, PROCESS, AND ORDERS

3. On or about May 14, 2021, Plaintiff filed the State Court Action, individually and on behalf of a putative class of persons he claims are similarly situated. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint filed in the State Court Action is attached as **Exhibit A** to this Notice. Copies of all process, pleadings, and orders filed in the State Court Action, exclusive of the Summons and Complaint, are attached together as **Exhibit B** to this Notice. As detailed below in greater detail, Americold has not been served in this matter, as indicated by the declaration attached as **Exhibit C** to this Notice.

4. According to the allegations in the Complaint, Plaintiff and the members of the putative class he purports to represent are persons whose personally identifiable information ("PII") was impacted in a criminal third-party cyberattack that impacted Americold's computer systems. *See generally* Compl.

5. The Complaint asserts three claims for: (1) breach of implied contract, (2) negligence, and (3) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

## SERVICE ON THE STATE COURT

6. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal in

the United States District Court for the Central District of Illinois, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Court of the Knox County Circuit Court, Ninth Judicial District Court of the State of Illinois.

### TIMELINESS OF REMOVAL

7.      While this action was initially filed in May 2021, Americold has not been served. As presented in **Exhibit C**, Americold's registered agent in Illinois was not served with the Summons and Complaint in the State Court Action and did not receive notice of this lawsuit until "November 1, 2021, when it received a copy of an Order Setting Civil Jury & Non-Jury Cases for Case Management Conference dated October 27, 2021," which was "sent to [Americold's registered agent] by the Knox County Circuit Clerk via regular U.S. Mail." Ex. C ¶ 7.

### ORIGINAL JURISDICTION PURSUANT TO CAFA

8.      This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a). As set forth more fully below, this is a civil putative class action wherein: (1) the proposed classes contain at least 100 members in the aggregate; (2) there is minimal diversity; (3) no defendant is a state, state official, or other governmental entity; and (4) the total amount in controversy for all class members exceeds $5 million, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As discussed below, this case meets each CAFA requirement for removal.

*The Proposed Classes Contain At Least 100 Members in the Aggregate*

9.      Plaintiff purports to bring claims on behalf of a putative class of individuals he defines as: "All persons whose PII was in the possession of Defendant, or any of its subsidiaries

3

or agents, at any time during the Data Breach beginning in October 2020 through the end of November 2020." Compl. ¶ 38. Plaintiff also purports to bring claims on behalf of a putative subclass of individuals, defined as "All Illinois residents whose PII was in the possession of Defendant, or any of its subsidiaries or agents, at any time during the Data Breach beginning in October 2020 through the end of November 2020." *Id.*

10. Plaintiff alleges that the cyberattack at issue impacted "as many as 140,000 of Defendant's employees." *Id.* ¶ 22. Therefore, based on this allegation alone, CAFA's 100-person requirement is satisfied. *See Kelly v. State Farm Mut. Auto. Ins. Co.*, No. 5:10-cv-194-Oc-32GRJ, 2010 U.S. Dist. LEXIS 145840, at *9-10 (M.D. Fla. Sept. 23, 2010) (concluding that "CAFA's 100 person requirement" is satisfied because "Plaintiffs have alleged in the First Amended Class Complaint that it is believed the class contains more than 1,000 persons").

*Minimal Diversity Exists*

11. CAFA's diversity requirement is satisfied when at least one member of the putative class is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(2)(A), 1453.

12. Plaintiff alleges that he is a citizen of the State of Illinois. Compl. ¶ 13.

13. Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1068 n.2 (C.D. Ill. 2016) (applying statute to LLCs in assessing whether minimal diversity exists under CAFA).

14. When this action was commenced in state court, Americold Logistics, LLC was, and still is, is a limited liability company organized under the laws of the State of Delaware. *See* **Exhibit D**, Declaration of Randolph Hutto ¶ 2. Americold Logistics, LLC's principal place of

business, where its corporate offices and headquarters are located, is in Atlanta, Georgia. *See id.* As such, Americold Logistics, LLC is a citizen of the States of Delaware and Georgia, where it is incorporated and where it has its principal place of business.

15. Because at least one member of the putative class, namely Plaintiff, is a citizen of Illinois, and Americold is a citizen of Delaware and Georgia, CAFA's minimal diversity requirement is met.

*No Defendant Is a Governmental Entity*

16. Americold, the only Defendant, is a limited liability company. Accordingly, no Defendant is a state, state official, or other governmental entity.

*The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs*[1]

17. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

18. Based on Plaintiff's allegations and theories, the amount in controversy exceeds $5,000,000 in the aggregate for the putative class, exclusive of interest in costs. Given the number of putative class members alleged in Plaintiff's Complaint, potential damages need only reach $35.71 per class member to exceed the jurisdictional minimum. This requirement is easily

---

[1] Though Americold disputes that Plaintiff is entitled to bring this action, denies liability, and disputes that Plaintiff and the members of the putative class are entitled to any recovery, for purposes of removal only, Plaintiff's allegations and the relief sought by Plaintiff are to be considered in determining the value of the claims as pled and the amount in controversy. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."). To be clear, by accepting Plaintiff's allegations as pled for purposes of removal, Americold does not admit they are correct and instead expressly preserves its right to challenge them in this litigation.

satisfied given the broad relief Plaintiff seeks. The Complaint seeks an order awarding Plaintiff and the members of the putative class "actual, statutory, compensatory, and/or punitive damages" to compensate Plaintiff for, among other things, "time and effort to mitigate their risk of identity theft and fraud, monitoring their virtual accounts to guard against fraudulent attempts to open accounts in their respective name;" "increased threat of identity theft and fraud due to his PII being sold, misappropriated, or otherwise misused by unknown parties;" "mental anguish;" and "anxiety." Compl. at Prayer for Relief ¶ B; *id.* ¶¶ 34-36.

19.    Plaintiff also seeks injunctive relief requiring Americold "to implement commercially reasonable security measures to properly guard against any and all future cyber attacks and to provide prompt, reasonable notification of such an attack." Compl. at Prayer for Relief ¶ C. The cost to Americold of complying with the injunctive relief requested in the Complaint is appropriately considered in assessing whether the amount-in-controversy is satisfied and is further evidence that the amount in controversy is satisfied. *Stoller v. CMH Manufacturing, Inc.*, 2021 WL 4975294, at *1 (7th Cir. Oct. 26, 2021) (including the costs of complying with an injunction in the amount in controversy); *Uhl v. Thoroughbred Technology and Telecommunications, Inc*., 309 F.3d 978, 983 (7th Cir. 2002) ( "[T]he jurisdictional amount should be assessed looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief—the so-called 'either viewpoint' rule.").

20.    "Punitive damages are available under . . . the Illinois Consumer Fraud and Deceptive Business Practices Act." *Keeling v. Esurance Ins. Co*., 660 F.3d 273, 275 (7th Cir. 2011). Though Americold disputes that Plaintiff will be able to prove that punitive damages are warranted, Plaintiff seeks punitive damages in the Complaint and, therefore, punitive damages are properly included in the amount in controversy. *See id.* (punitive damages included in amount-in-

controversy unless it is "legally impossible" for Plaintiff to recover them). The inclusion of punitive damages in the amount-in-controversy calculation is further evidence that CAFA's amount-in-controversy threshold is satisfied.

21. Indeed, in another case filed in the United States District Court for the Northern District of Georgia arising out of the same incident and purporting to bring similar claims on behalf of an overlapping putative class, the Complaint expressly alleges that "the amount of controversy exceeds the sum or value of $5 million, exclusive of interest and costs." Am. Compl., *Sheffler v. Americold Realty Tr.*, Dkt. No. 16, No. 1:21-cv-01075-TCB, at ¶ 21 (N.D. Ga. June 22, 2021). This is further evidence that the amount-in-controversy is satisfied in this case. *See Composite Co., Inc. v. Am. Int'l Grp., Inc.*, 988 F. Supp. 2d 61, 74-75 (D. Mass 2013) (considering evidence of a prior, "nearly identical" complaint that "contains an explicit amount-in-controversy estimate exceeding $5 million" as relevant and concluding that the defendants met their burden of demonstrating a reasonable probability that CAFA's amount in controversy was met).

22. In sum, the Complaint places in controversy at least $5,000,000, and CAFA's jurisdictional threshold is satisfied.

## **CONCLUSION**

23. In conclusion, removal is appropriate under CAFA because: (1) the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different than Americold; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) the procedural requirements for removal under 28 U.S.C. § 1446 have been met.

24. Accordingly, federal subject matter jurisdiction over this action exists.

25. Americold reserves the right to amend this Notice of Removal.

WHEREFORE, Americold removes the Action from the Knox County Circuit Court, Ninth Judicial District Court of the State of Illinois, to this Court.

Dated: November 23, 2021        Respectfully submitted,

                                    */s/ Timothy J. Cassidy*
                                    Timothy J. Cassidy
                                    CASSIDY & MUELLER P.C.
                                    416 Main Street, Suite 323
                                    Peoria, Illinois 61602
                                    Phone: (309) 676-0591
                                    Fax: (309) 676-8036
                                    E-Mail: tcassidy@cassidymueller.com

                                    Attorney for Defendant Americold Logistics, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2021, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

On this date I further caused to be served on each of the attorneys identified below, via U.S. Mail and e-mail, a copy of the foregoing document:

Eugene Y. Turin
Timothy P. Kingsbury
McGuire Law, P.C.
55 W. Wacker Dr., 9th Floor
Chicago, IL 60601
eturin@mcgpc.com
tkingsbury@mcgpc.com

*/s/ Timothy J. Cassidy*
Timothy J. Cassidy