E-FILED
Tuesday, 23 November, 2021  12:29:56 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Knox COUNTY | **SUMMONS** | *For Court Use Only* |
|---|---|---|
| **Instructions ▼**<br>Enter above the county name where the case was filed.<br>Enter your name as Plaintiff/Petitioner.<br>Enter the names of all people you are suing as Defendants/Respondents.<br>Enter the Case Number given by the Circuit Clerk. | Richard Bridgewater, indiv. and on behalf of a class<br>**Plaintiff / Petitioner** *(First, middle, last name)*<br><br>v.<br><br>Americold Logistics, LLC<br>**Defendant / Respondent** *(First, middle, last name)* | CC 21-LL-0020<br>**Case Number** |

In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent.

In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

1. **Information about the lawsuit:**
   Amount claimed: $ 50,000+ (to be determined)

2. **Contact information for the Plaintiff/Petitioner:**
   Name *(First, Middle, Last)*: Counsel: Timothy P. Kingsbury/McGuire Law, P.C.
   Street Address, Apt #: 55 W. Wacker Dr., 9th Fl.
   City, State, ZIP: Chicago, Illinois 60601
   Telephone: (312) 893-7002
   See attached for additional Plaintiff/Petitioner contact information

3. **Contact information for the Defendant/Respondent:**
   Name *(First, Middle, Last)*:
   Street Address, Apt #:
   City, State, ZIP:
   Telephone:
   See attached for additional Defendant/Respondent contact information

**Important Information for the person receiving this form:**

You have been sued.
Follow the instructions on the next page on how to appear/answer.
- If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plantiff/petitioner is asking.
- Your written appearance/answer must be filed on time and in the proper form.
- Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees*.
You should read all of the documents attached.

Enter the Case Number given by the Circuit Clerk: CC 21-LL-0020

| | |
|---|---|
| In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response. | **4. Instructions for person receiving this form (Defendant/Respondent):**<br>To respond to this *Summons* you must:<br>☐ Go to court:<br>  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>  Address: _____ Court Room: _____<br>  City, State, ZIP: _____<br><br>☐ File a written *Appearance* and *Answer/Response* with the court:<br>  On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>  Address: _____<br>  City, State, ZIP: _____<br><br>☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").<br>  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>  Address: _____<br>  City, State, ZIP: _____ |

**Witness this Date:** 5/26/2021

**Clerk of the Court:** *Kiley Cheesman*

*Seal of Court*

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | |

| | |
|---|---|
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of its date, listed above.**<br><br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |

| | |
|---|---|
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |

| | |
|---|---|
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| **STATE OF ILLINOIS, CIRCUIT COURT**<br>Knox **COUNTY** | **AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Richard Bridgewater, indiv. and on behalf of a class<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Americold Logistics, LLC<br>**Defendant / Respondent** *(First, middle, last name)* | CC 21-LL-0020<br>**Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| **DO NOT** complete this section. The sheriff will complete it. | **My name is** _____ **and I swear under oath**<br>*First, Middle, Last*<br>**that I served the *Summons* and Complaint/Petition on the Defendant/Respondent** |
|---|---|

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
  Male: ☐   Female: ☐   Approx. Age: _____   Hair Color: _____
  Height: _____   Weight: _____
  On this date: _____   at this time: _____   ☐ a.m.  ☐ p.m.
  Address: _____
  City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
  On this date: _____   at this time: _____   ☐ a.m.  ☐ p.m.
  Address: _____
  City, State, ZIP: _____
  And left it with: _____
  *First, Middle, Last*
  Male: ☐   Female: ☐   Approx. Age: _____
  and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
  *First, Middle, Last*
  On this date: _____   at this time: _____   ☐ a.m.  ☐ p.m.
  Address: _____
  City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: CC 21-LL-0020

| | |
|---|---|
| **DO NOT** complete this section. The sheriff, or private process server will complete it. | **By:** _____ *Signature* _____ *Print Name* |

**FEES**
By certified/registered $ _____
Service and Return $ _____
Miles: _____ $ _____
Total $ _____

FILED
Knox Co. Circuit Court
9th Judicial Court
Date: 5/14/2021 10:32 AM
Kelly A. Cheesman
CC 21-LL-0020

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**KNOX COUNTY, ILLINOIS**

| | |
|---|---|
| RICHARD BRIDGEWATER, individually and on behalf of all similarly situated individuals, <br><br> *Plaintiff*, <br><br> v. <br><br> AMERICOLD LOGISTICS, LLC, a Delaware limited liability company, <br><br> *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CC 21-LL-0020 <br><br><br><br> Hon. <br><br> **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Richard Bridgewater ("Plaintiff"), individually and on behalf of similarly situated persons, brings this Class Action Complaint against Defendant Americold Logistics, LLC, ("Americold" or "Defendant") as a result of Defendant's actions and inactions concerning a recent data breach ("Data Breach") that compromised the personally identifiable information ("PII") of Plaintiff and other members of the putative class due to Defendant's failure to implement a reasonably adequate and industry-accepted cybersecurity prevention, detection, response, and notification protocol. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by their attorneys.

**INTRODUCTION**

1.      Defendant Americold is a leading supply chain services and infrastructure company providing temperature-controlled warehousing, distribution, and logistics services to over a thousand global enterprises in the food industry.

2. On or before November 16, 2020, Defendant became aware that it was the target of a concerted Data Breach on its information technology ("IT") systems, where, beginning as early as October 29, 2020, hackers were able to gain unauthorized access to sensitive and confidential information stored on Defendant's files.

3. This Data Breach resulted in hackers and unauthorized third parties gaining access to Defendant's employees' personal identifying information ("PII") including names, dates of birth, Social Security numbers, medical information, and/or health insurance information.

4. Even though Defendant knew it was storing sensitive PII of its employees which was valuable and vulnerable to cyber attackers, Defendant failed to take basic security precautions that could have prevented, and certainly at least mitigated, the ramifications of the disclosure of its employees' PII.

5. Defendant's lax cybersecurity procedures allowed hackers to obtain access to Plaintiff's and other employees' PII, as well as the PII of their beneficiaries. This PII should have been secured by adequate levels of protection and should not have been susceptible to unauthorized access via the malware attack employed in the Data Breach.

6. In a malware attack, hackers exploit vulnerabilities in an organization's administrative, technical, and physical cybersecurity safeguards to install damaging software, known generally as malware, onto the organization's IT systems, in order to extract valuable data, such as social security numbers and medical information.

7. Here, hackers were able to place malware onto Defendant's systems and remain undetected for at least several weeks, during which such unauthorized third parties were able to gain full untethered access to Plaintiff's and other employees' PII.

8. Making matters worse, Defendant failed to notify Plaintiff of the Data Breach for more than three (3) months.

9. Defendant failed to prevent, detect, and otherwise act in a reasonable manner or within a reasonable time with regard to notifying affected individuals of the subject Data Breach, resulting in Plaintiff and other employees' PII being compromised over an extended period and without the knowledge of such Data Breach to take protective action.

10. Defendant's cybersecurity practices and procedures fell far below the industry standard, jeopardized the PII of Plaintiff and members of the proposed Class, and exposed Plaintiff and Class members to imminent risk of harm, including identity theft and fraud.

11. To this day, Plaintiff continues to rely on his own time, efforts, and expense to monitor and assess the extent to which his valuable PII was compromised and will continually monitor his accounts into the foreseeable future.

12. On behalf of himself and the proposed Class and Subclass defined below, Plaintiff seeks equitable and money damages, together with costs and reasonable attorneys' fees.

**PARTIES**

13. At all relevant times, Plaintiff Richard Bridgewater has been a resident and a citizen of the state of Illinois.

14. Defendant Americold Logistics, LLC is a limited liability company organized under the laws of the state of Delaware that conducts substantial business throughout the state of Illinois, including in Knox County, and is registered with and authorized by the Illinois Secretary of State to transact business in Knox County, Illinois.

**JURISDICTION AND VENUE**

15. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant came into possession of Plaintiff's PII in this state, and Defendant failed to take reasonable precautions to guard against, respond to, and detect cyberattacks in this State.

16. Venue is proper in Knox County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Knox County, and thus resides there under § 2-102.

**FACTS SPECIFIC TO PLAINTIFF**

17. Defendant is a global logistics company providing temperature-controlled warehousing, distribution, and transportation services.

18. Prior to the Data Breach, Plaintiff Richard Bridgewater was employed by Defendant at one of Defendant's facilities in Illinois.

19. As a condition of employment, Defendant required Plaintiff to provide certain PII, including his name, date of birth, social security number and medical/insurance information.

20. On or about November 16, 2020, Defendant discovered that it had been the target of a concerted cyber-attack, where hackers and other unknown third parties inserted malicious code, or malware, into Defendant's IT systems, to gain unauthorized access to Defendant's employees' PII, including names, dates of birth, Social Security numbers, and medical/health insurance information.

21. Not only did Defendant fail to thwart the attack, but it also failed to even detect the presence of malware in its IT systems for several weeks.

22. Beginning as early as October 29, 2020 through late November 2020, hackers were able to freely access sensitive and confidential information stored on Defendant's IT systems, resulting in the unauthorized exposure of the PII associated with as many as 140,000 of Defendant's employees, including the of PII of Plaintiff and Class members.

23. In addition to its failure to protect Plaintiff's and other employees' PII, Defendant also failed to inform them of the Data Breach in a reasonably expedient manner and without undue delay. Without identifying any justification, Defendant failed to promptly and adequately notify Plaintiff of the Data Breach until March 4, 2020, more than three (3) months after discovering the breach.

24. By failing to take prompt measures to alert Plaintiff and other employees that their PII had been compromised, Defendant failed to reasonably implement a breach notification protocol and thereby exposed Plaintiff and other Class members to an increased risk of identity theft and other harms.

25. Defendant's failure to implement a reasonable cybersecurity protocol that included adequate technical, administrative, and physical controls allowed hackers to access its IT system, and ultimately, directly access Plaintiff and other employees' PII for several weeks without intervention or awareness by Defendant.

26. Given the current prevalence of cybersecurity awareness, especially in light of constant, high profile data breaches, Defendant knew of the risks inherent in capturing, storing, and using the PII and the consequences of the exposure of such PII to unauthorized third parties, as well as the importance of promptly notifying affected parties in the event of a breach incident.

27. Security lapses, like the Data Breach, harm consumers beyond increasing the likelihood of identity and financial theft—they are harmed by the fact that their personal

information, such as names, dates of birth, medical information and, more importantly, their social security numbers are connected with their names.

28. As security experts now know, the release of data breach victims' personal information to the black market not only increases the likelihood of identity theft, but also makes them an easy target for spammers.

29. Thus, Plaintiff and the Class members will be subject to imminent, ongoing, and targeted spam and phishing attacks for an unknown period of time since hackers and other third-party criminals are not only armed with Plaintiff's and the Class members' PII, but also armed with the knowledge that such PII is associated with real people.

30. Defendant had a duty to keep Plaintiff's and Class members' PII secure and to protect it from unauthorized disclosures. Plaintiff and the other Class members provided PII to Defendant with the reasonable understanding and belief that Defendant would take reasonable and appropriate measures to secure their PII and would comply with their obligations to keep such information confidential and secure from unauthorized disclosures.

31. Had Plaintiff known that Defendant would fail to take reasonable safeguards to protect and secure their PII, or to detect cyber-attack and data breaches concerning the same, he would not have provided their PII to Defendant, or he would have at least acted differently upon weighing the risk in having his PII left vulnerable to attack.

32. Defendant's failure to comply with reasonable data security standards benefited Defendant in the form of savings on the costs associated with reasonable safekeeping of employees' PII.

6

33. Defendant's own employees, including Plaintiff and Class members, bore the costs of Defendant's data security savings when their PII was exposed or otherwise placed at serious and ongoing risk of imminent misuse, fraudulent charges, and identity theft.

34. Since recently becoming aware of the Data Breach, Plaintiff has taken time and effort to mitigate their risk of identity theft and fraud, monitoring their virtual accounts to guard against fraudulent attempts to open accounts in their respective name.

35. Plaintiff has also been harmed by having his PII compromised and faces the imminent and impending threat of future additional harm from the increased threat of identity theft and fraud due to his PII being sold, misappropriated, or otherwise misused by unknown parties.

36. Plaintiff has also experienced mental anguish as a result of the Data Breach. For example, Plaintiff experiences anxiety and anguish when thinking about what would happen if his identity is stolen as a result of the Data Breach; when considering that his PII has likely been sold; and when wondering how long and to how many parties his PII was exposed before the Data Breach was even discovered by Defendant.

37. The Data Breach was caused and enabled by Defendant's knowing violation of its obligations to abide by adequate practices and industry standards in protecting employees' PII. Defendant wholly failed to comply with reasonable cybersecurity standards and allowed its employees' PII to be compromised, all in an effort to save money by cutting corners on security measures that could have prevented or mitigated the Data Breach.

## **CLASS ALLEGATIONS**

38. Plaintiff brings Counts I through III, as set forth below, on behalf of himself and a Class and Subclass (together, the "Class," unless otherwise noted) of similarly situated individuals pursuant to 735 ILCS § 5/2-801. The Class and Subclass are defined as follows:

7

**Class:** All persons whose PII was in the possession of Defendant, or any of its subsidiaries or agents, at any time during the Data Breach beginning in October 2020 through the end of November 2020.

**Illinois Subclass:** All Illinois residents whose PII was in the possession of Defendant, or any of its subsidiaries or agents, at any time during the Data Breach beginning in October 2020 through the end of November 2020.

39. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

40. Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of Class members is currently unknown to Plaintiff, the precise size of the Class may easily be ascertained through Defendant's records.

41. Plaintiff's claims are typical of the claims of the Class members he seeks to represent because the factual and legal bases of Defendant's liability to Plaintiff and the other Class members are the same and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class members. As alleged herein, Plaintiff and the other Class members have all suffered damages as a result of Defendant's failure to maintain reasonable security safeguards with respect to its handling and storage of its employees' sensitive PII.

42. There are many questions of law and fact common to the claims of Plaintiff and the other Class members, and those questions predominate over any questions that may affect individual Class members. Common questions for the Class members include, but are not limited to, the following:

    a. Whether Defendant adequately safeguarded Plaintiff's and the Class members' PII;

    b.    Whether Plaintiff and the Class members were notified of the Data Breach within a reasonable period of time and through a reasonable method;

    c.    Whether Defendant willfully, recklessly, and/or negligently failed to maintain and/or execute reasonable procedures designed to prevent unauthorized access to Plaintiff's and the Class members' PII;

    d.    Whether implied or express contracts existed between Defendant and the Class members;

    e.    Whether Plaintiff and the Class members sustained damages as a result of Defendant's failure to adequately safeguard their PII;

    f.    Whether Defendant's PII storage and protection protocols and procedures were reasonable under industry standards;

    g.    Whether Defendant's cybersecurity prevention, detection, and notification protocols were reasonable under industry standards;

    h.    Whether Defendant misrepresented the safety and security of the Class members' PII maintained by Defendant;

    i.    When Defendant became aware of the unauthorized access to Plaintiff's and the Class members' PII;

    j.    Whether Defendant's conduct violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*.; and

43.    Absent a class action, most Class members would find the cost of litigating their claims to be prohibitively expensive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

44.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other Class members and have

the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

45. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other Class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Breach of Implied Contract
**(On behalf of Plaintiff and the Class and the Illinois Subclass)**

46. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

47. Plaintiff and Class members were required to provide Defendant their PII as a condition of employment. By virtue of such requirement to provide their PII, Plaintiff and the Class members and Defendant entered into implied contracts whereby Defendant agreed to safeguard and protect such information, was obligated to take reasonable steps to secure and safeguard such PII, and was obligated to take reasonable steps to notify Plaintiff and Class members following any unauthorized disclosure of the same.

48. Defendant's failure to implement an adequate and reasonable data privacy and cybersecurity protocol which included adequate prevention, detection, and notification procedures constitutes a breach of an implied contract between Defendant and the Class members.

49. Plaintiff and the Class Members would not have provided and entrusted their PII to Defendant as a condition of their employment in the absence of an agreement with Defendant to reasonably safeguard their PII and to reasonably notify them of unauthorized disclosures.

50. Plaintiff and the members of the Class fully performed their obligations under their implied contracts with Defendant.

51. Defendant breached the implied contracts it made with Plaintiff and the Class members by failing to safeguard and protect their PII, and by failing to notify them in a timely and accurate manner that that their PII was compromised as a result of the Data Breach.

52. The damages expressed herein as sustained by Plaintiff and the Class members were the direct and proximate result of Defendant's breaches of contract.

53. Wherefore Plaintiff prays for the relief set forth below.

### COUNT II
### Negligence
### (On behalf of Plaintiff and the Class and the Illinois Subclass)

54. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

55. As a condition of employment, Defendant required Plaintiff and Class members to provide their PII.

56. At all relevant times, Defendant had a duty, or assumed a duty, to implement reasonable data privacy and cybersecurity protocol, including adequate prevention, detection, and notification procedures, in order to safeguard the PII of Plaintiff and the Class members and to prevent the unauthorized access to and disclosures of the same.

57. Upon storing and handling Plaintiff's and Class members' PII, Defendant also undertook and owed a duty to exercise reasonable care to secure and safeguard that information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties, and to utilize commercially reasonable methods to do so. This duty included, among other things,

designing, implementing, maintaining, and testing Defendant's cybersecurity systems to ensure that Plaintiff's and the Class members' PII was reasonably secured and protected.

58. Finally, due to Defendant's position of exclusive control, knowledge, and discretion regarding its cybersecurity and data breach notification practices compared to its employees' and Plaintiff's relative lack of power concerning the same, a duty arose due to such special relationship that required Defendant to implement industry standard cybersecurity protocols regarding its technical, administrative, and physical controls, and their data breach notification procedures.

59. Defendant breached the aforementioned duty in, including but not limited to, one or more of the following ways:

    a. Failing to implement reasonable data privacy and cybersecurity measures to secure its or Plaintiff's and Class members' PII;

    b. Failing to implement a reasonable data privacy and cybersecurity protocol, including adequate procedures for preventing cybersecurity threats and/or detecting such threats in a timely manner;

    c. Failing to notify Plaintiff and Class members that their PII had been disclosed to nefarious hackers within a reasonable period of time and/or through a reasonable manner or method;

    d. Failing to reasonably comply with applicable state and federal law concerning its data privacy and cybersecurity protocol, including the substance and manner of its notification to Plaintiff and Class members concerning the Data Breach; and

    e. Otherwise failing to act reasonably under the circumstances and being negligent with regards to its conduct in preventing, detecting, and disclosing the Data Breach.

60. Defendant knew, or should have known, that its data privacy and cybersecurity protocol failed to reasonably protect Plaintiff's and the Class members' PII and that its lack of an

adequate and direct data breach notification protocol was insufficient to enable its employees and such as Plaintiff to mitigate the impact of the Data Breach.

61. As a direct result of Defendant's aforementioned negligent acts and omissions, Plaintiff and the Class members suffered injury and damages, including the loss of their legally protected interest in the confidentiality and privacy of their PII, the loss of the benefit of their bargain in purchasing products from Defendant, pecuniary injury in the form of time and expense to mitigate the disclosure and/or significantly increased risk of exposure of PII to nefarious third parties.

62. Wherefore Plaintiff prays for the relief set forth below.

### COUNT III
### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*.
### (On behalf of Plaintiff and the Illinois Subclass)

63. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

64. Pursuant to the Illinois Personal Information Protection Act, 815 ILCS 530/1, *et seq*., ("PIPA"), Defendant was required to implement and maintain reasonable security measures to protect Plaintiff's and Class members' PII, and to notify them regarding any unauthorized disclosure in the most expedient time possible and without unreasonable delay.

65. Further, pursuant to Section 530/45 of PIPA, as a data collector that maintains and stores records containing the PII of Illinois residents, including Plaintiff, Defendant was required to implement and maintain reasonable security measures to protect Illinois residents' PII from the unauthorized access, acquisition, destruction, use, modification, or disclosure that resulted in the Data Breach.

66. Defendant's unlawful conduct alleged herein in failing to safeguard Plaintiff's and Subclass members' PII, and subsequent failure to notify Plaintiff and Subclass members in the most expedient time possible that such PII had been compromised, constitute direct violations of the Illinois Personal Information Protection Act.

67. Pursuant to Section 530/20 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. ("ICFA"), a violation of the Illinois Personal Information Protection Act, as alleged herein, is itself deemed an "unlawful practice" and violation under the ICFA, and Defendant has therefore violated the ICFA.

68. As a result of Defendant's unlawful conduct in violation of the PIPA and ICFA, Plaintiff and Class members have been injured and suffered actual damages, as alleged herein.

69. Wherefore Plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass set forth above, respectfully requests the Court order relief and enter judgement against Defendant:

A. Certifying the Class and Subclass identified above and appointing Plaintiff as Class representative and the undersigned counsel as Class Counsel;

B. Awarding Plaintiff and the Class and Subclass appropriate relief, including actual, statutory, compensatory, and/or punitive damages;

C. Granting injunctive relief requiring Defendant to implement commercially reasonable security measures to properly guard against any and all future cyber attacks and to provide prompt, reasonable notification in the event of such an attack;

D. Requiring Defendant to pay Plaintiff's and the Class members' reasonable attorneys' fees, expenses, and costs; and

  E. Any such further relief as this Court deems reasonable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 14, 2021             Respectfully submitted,

                       RICHARD BRIDGEWATER, individually and on behalf of a class of similarly situated individuals

                       By: /s/ Timothy P. Kingsbury
                         *One of Plaintiff's Attorneys*

Eugene Y. Turin (ARDC # 6317282)
Timothy P. Kingsbury (ARDC # 6329936)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
tkingsbury@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

15