IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **RICHARD BRIDGEWATER,** individually, and on behalf of all similarly situated individuals, <br><br>   **Plaintiff,** <br><br>   v. <br><br> **AMERICOLD LOGISTICS, LLC**, a Delaware limited liability company, <br><br>   **Defendant.** | Case No. 21-1348 |

## ORDER AND OPINION

Pending before the Court is Plaintiff Richard Bridgewater's Motion to Remand to State Court (ECF No. 7). Defendant Americold Logistics, LLC responded, and this motion is ripe for review. For the reasons stated below, Plaintiff's Motion is denied.

### BACKGROUND

Plaintiff Bridgewater initially filed this putative class action in Illinois state court. Plaintiff claims that due to lax cybersecurity procedures, hackers were able to obtain access to his and other employees' personal identifying information. Plaintiff brings various claims under Illinois state law due to the breach. Defendant removed the case to federal court under the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332 (d). Shortly after removing the case, Defendant filed a motion to dismiss for failure to state a claim. In support of that motion, Defendant claims that Plaintiff only asserted damages that are a "speculative risk of future injury and time and effort spent to guard against that hypothetical risk, which are insufficient to support a claim under Illinois law." ECF No. 6 at 2.

In response, Plaintiff moved to remand this case, claiming that Defendant failed to establish that Plaintiff has Article III standing under the Constitution. Plaintiff cites Defendant's argument regarding Plaintiff's lack of cognizable damages under Illinois law as support for this argument. Plaintiff does not deny that the case meets the other requirements of CAFA. Plaintiff also does not directly assert that he lacks Article III standing but claims that Defendant failed to establish standing. Accordingly, Plaintiff argues that this Court must remand the case to state court because it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded") *Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834, 838 n.2 (N.D. Ill. 2017) (stating that defendant failed to persuade the court that Article III standing existed and remanding the case to state court). The Court will address Plaintiff's various arguments below.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. If a plaintiff files a case in state court even though the federal courts also have jurisdiction, the defendant may remove the case to federal court. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Section 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (a). In relevant part, CAFA grants district courts original jurisdiction when "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," the class has more than 100 members, and at least one member of the proposed class is a citizen of a State different from the defendant. 28 U.S.C. § 1332(d); s*ee also Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). Under the "home state controversy" exception, district

2

courts must decline to exercise jurisdiction when certain local factors are present. *Hart*, 457 F.3d at 679. One example of a home state controversy is when more than two-thirds of the proposed plaintiff class members are citizens of the original filing state. *Id*. Once removing defendants prove the amount in controversy and the existence of minimal jurisdiction, the burden shifts to plaintiffs to prove that the local controversy exception should apply. *Id*.

Generally, however, the party invoking jurisdiction bears the burden of establishing all elements of federal subject matter at the time of removal. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("[T]o establish federal subject-matter jurisdiction, [a removing defendant] must also show that [the plaintiffs] have Article III standing"). In other words, "the party that wants the federal forum is the one that has the burden of establishing the court's authority to hear the case," such that a removing defendant "must show that [the plaintiff] has Article III standing." *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021).

## DISCUSSION

Plaintiff argues that this case must be remanded because Defendant claims in its Motion to Dismiss that Plaintiff did not allege cognizable damages under the relevant state laws, which Plaintiff interprets to mean that Defendant is arguing that Plaintiff lacks Article III standing. Plaintiff does not argue that Defendant failed to meet the other requirements for CAFA removal. Indeed, Defendant observes that Plaintiff alleges the attack impacted as many as 140,000 people which would mean each class member would only need $35.71 in damages to meet the five-million-dollar jurisdictional minimum. ECF No. 1 at 5. Accordingly, Plaintiff's only argument focuses on Defendant's alleged failure to plead that Plaintiff has Article III standing.

Defendant argues that Plaintiff sufficiently alleged Article III standing in his Complaint under Seventh Circuit precedent. Defendant also argues that it did not have to specifically plead Article III standing in its Notice of Removal. As explained below, the Court agrees with Defendant that Article III standing is often a lower threshold than proving damages as an element of a claim and that Plaintiff meets the minimum requirements for Article III standing.

### A. Plaintiff sufficiently pleads an injury-in-fact to establish Article III standing.

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, (1992) (internal quotation marks omitted)). "Allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original; internal quotations omitted). An injury must be "certainly impending" to constitute an injury in fact. *Id.*

The Seventh Circuit standing has found standing in similar data breach cases. For example, in *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688 (7th Cir. 2015), and *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963 (7th Cir. 2016), hackers stole customer credit-card data from the defendant business. The Seventh Circuit found that even customers who did not experience fraudulent charges still faced the impending risk of future identity theft. *Remijas*, 794 F.3d at 693; *Lewert*, 819 at 966. The Seventh Circuit explained that "plaintiffs 'should not have to wait until hackers commit identity theft or credit-card fraud in order to give the class standing, because there is an objectively reasonable likelihood that such injury will occur.'" *Lewert*, 819 F.3d at 966 (quoting *Remijas*, 794 F.3d at 693). Accordingly, the courts found that the plaintiffs had standing even if they had not suffered fraudulent or unreimbursed charges.

The Seventh Circuit has also confirmed that damages as an element of a claim is distinct from the need to demonstrate an injury-in-fact for Article III standing. In *Pisciotta v. Old Nat. Bancorp*, the Seventh Circuit agreed that the plaintiffs sufficiently pleaded Article III standing but also concluded that the plaintiffs failed to establish a cognizable injury under state negligence law. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007). Accordingly, it is not inconsistent for Defendant to argue that Plaintiff pleaded an injury-in-fact sufficient to establish Article III standing but failed to plead damages sufficient to support a state law claim.

Plaintiff has alleged several injuries, including that he has taken time and effort to mitigate the risk of identity fraud and that he has monitored his accounts to guard against fraudulent attempts to open accounts. He also claims that he will be subject to ongoing targeted spam, phishing attempts, and that he is at increased risk for identity theft and fraud. Even an "identifiable trifle" can constitute an injury in fact, and Plaintiff's claims meet this low burden. *See Craftwood II, Inc. v. Generac Power Sys.*, Inc., 920 F.3d 479, 481 (7th Cir. 2019) (holding that the resources used to print an unsolicited advertisement fax and the time lost reading the fax before discarding constitutes a concrete injury) (quoting *United States v. SCRAP*, 412 U.S. 669, 689 n.14 (1973)). Accordingly, the Court agrees that the record before it establishes that Plaintiff sufficiently pleaded an injury-in-fact to support Article III standing.

**B. Defendant's Notice of Removal was adequate to establish federal jurisdiction.**

The Court is persuaded that Plaintiff sufficiently alleges that he suffered a concrete injury to establish Article III standing. Plaintiff, however, appears to argue that Defendant was required to explain that Plaintiff had Article III standing in its Notice of Removal and that remand to state court is the remedy for this purported failure.

Defendant's removal does outline the basis for Plaintiff's damages, explaining that Plaintiff seeks compensatory and punitive damages related to the time and effort to monitor for risk of identity theft and the increased threat of identity theft and fraud. ECF No. 1 at 6. Defendant also attaches Plaintiff's Complaint, where Plaintiff outlines the basis for his alleged damages. Accordingly, while Defendant did not specifically discuss Article III standing, the Notice and attached exhibits contain enough information for the Court to assess whether Plaintiff has standing. While the burden may lie with Defendant to establish the basis of federal jurisdiction, that does not necessarily require that a defendant mention Article III standing by name.

Instead, the Supreme Court has explained "[t]o remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U. S. C. §1446(a)). In that case, the Supreme Court appeared satisfied that the notice of removal alleged that the class had more than 100 members, the parties were minimally diverse, and the amount in controversy exceeded $5 million. *Id*. The Seventh Circuit also stated that once the removing defendants prove the amount in controversy and the existence of minimal diversity, the burden shifts to plaintiffs to prove that the local controversy exception to federal jurisdiction applies. *Hart*, 457 F.3d at 679. Accordingly, this also suggests that a defendant does not necessarily need to mention Article III standing by name. Standing is not reasonably in dispute and Defendant's alleged failure to mention the doctrine by name does not undermine the fact that Defendant's Notice and the accompanying filings establish standing.

**C. Defendant's arguments in the case filed in the Eleventh Circuit do not bar it from asserting there is standing here.**

Plaintiff also points to Defendant's argument in a related case pending in the Eleventh Circuit involving Defendant's parent company where the same counsel moved to dismiss the

claims related to this same data breach for lack of Article III standing. Defendant responds that different circuits take different approaches to Article III standing in the data breach context. *See Tsao v. Captiva MVP Restaurant Partners*, LLC, 986 F.3d 1332, 1340 (11th Cir. 2021) (recognizing that the issue of whether a plaintiff has Article III standing because he faces a substantial risk of identity theft, fraud, and other harm in the future due to a data breach is a question that has divided the Courts of Appeals). Accordingly, Defendant argues that the Eleventh Circuit precedent on the issue of standing conflicts with Seventh Circuit precedent, making the divergent arguments in different circuits appropriate. Since briefing, the Eleventh Circuit granted Defendant's Motion to Dismiss, finding that the plaintiff did have standing to bring the suit, but that the plaintiff otherwise failed to state a claim. ECF No. 12.

Plaintiff does not cite a particular legal doctrine that would prevent Defendant from making contradictory arguments. The most relevant doctrine appears to be judicial estoppel, which is an equitable doctrine that prevents a party who prevails on one ground from later repudiating that ground in another lawsuit. *U.S. v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003). The purpose of the doctrine is to "protect the integrity of the judicial process" and is invoked by a court at its discretion. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal citations and quotations omitted). There is no set formula, but courts generally consider, whether (1) the later position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept its position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage. *Id*; *see also Jarrard v. CDI Telecomm., Inc.*, 408 F.3d 905, 915 (7th Cir. 2005). Here, Defendant did not succeed in persuading another court to accept its position that Plaintiff lacked standing, and the Court is persuaded that Defendant had reason to believe that the standards in the Seventh Circuit and Eleventh Circuit may differ. It would not be appropriate to

7

apply this doctrine here and Plaintiff does not suggest that there is another doctrine that would prevent the Court from considering Defendant's argument on the issue of standing.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Remand [7] is DENIED. Plaintiff failed to timely respond to Defendant's Motion to Dismiss, and instead, on the date his response was due, he filed a motion to stay or in the alternative, extend his deadline to respond. ECF No. 8. Plaintiff's Motion to Stay Briefing [8] is GRANTED in part and DENIED in part and Plaintiff is ORDERED to respond to Defendant's Motion to Dismiss on or before May 16, 2022.

ENTERED this 6th day of May, 2022.

       /s/ Michael M. Mihm
Michael M. Mihm
United States District Judge